UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DUSTIN GENE FOCKLER,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
                                        /

File No. 1:05-CV-585

HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DUSTIN GENE FOCKLER,

    Defendant.
                                        /

File No. 1:03-CR-88

HON. ROBERT HOLMES BELL

**O P I N I O N**

    This matter comes before the Court on Movant Dustin Gene Fockler's motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed upon him by this Court on August 28, 2003.

**I.**

    On May 27, 2003, Movant pleaded guilty to one count of conspiracy to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and

841(b)(1)(B)(vii) and one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h).  On August 28, 2003, he was sentenced to 144 months imprisonment on each count, to be served concurrently, four years of supervised release on count one, three years of supervised release on count two, to be served concurrently, a $200.00 special assessment and a $4,000.00 fine.  Movant did not appeal his sentence.

On August 31, 2005, Movant filed a § 2255 motion, raising one claim, that his Sixth Amendment rights were violated by the sentencing court's findings that Movant possessed a handgun and that Movant had a leadership role.  Movant asserts that these findings were beyond the facts admitted by his guilty plea.  On November 3, 2005, Movant filed a motion seeking specific performance in the underlying criminal case.  (Def.'s Mot. Seeking Specific Performance, *United States v. Fockler*, No. 1:03-CR-88, Docket #160.)  In that motion Movant sought to have the Court compel the government to file a motion for a reduction of sentence under Rule 35(b) of the Federal Rules of Criminal Procedure.  Considering the motion seeking specific performance as part of the § 2255 motion will not impose any prejudice on the United States, as the United States has had ample time to respond.[1]  Also, Movant requested that if the Court found it proper, the motion seeking specific performance should be considered as part of Movant's § 2255 motion.  (Def.'s Mot. Seeking Specific

---

[1] The United States has not filed a response to the motion seeking specific performance in either the original criminal case or as part of the response to the § 2255 motion.

Performance 6.) Therefore, the Court will consider both the Sixth Amendment issue and the Rule 35(b) issue as part of the § 2255 motion.[2]

On October 25, 2006, the United States filed a response to the August 31, 2005 petition. On December 1, 2006, the Court extended the time for Movant to reply to December 18, 2006. (Dec. 1 Order, Docket #9.) A copy of the Court's December 1 order was mailed to Movant on December 4, 2006. Over sixty days after the extended deadline the Court has not received a reply from Movant.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C.A. § 2255 (West 2006). To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results

---

[2] Identical versions of the Court's opinion and order have been entered in both cases. The motion seeking specific performance was filed in the case captioned: *United States of America v. Dustin Gene Fockler*, No. 1:03-CR-88. The § 2255 motion was filed in the case captioned: *Dustin Gene Fockler v. United States of America*, No. 1:05-CV-585.

in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner "'must clear a significantly higher hurdle than would exist on direct appeal.'" *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." § 2255 ¶ 2.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)) (omission in original). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III.

The files and records in this case conclusively show that Movant is not entitled to relief.

**A. Statute of Limitations**

Section 2255 imposes a one-year statute of limitations. § 2255 ¶ 6. There are four possible events from which the statute of limitations can begin to run, though only two are applicable to Movant's claim. The events are either the date on which Movant's conviction became final or the date on which the right asserted was initially recognized by the Supreme Court, if the right has been made retroactively applicable to cases on collateral review.

Plaintiff asserts a right under *United States v. Booker*, 543 U.S. 220 (2005). However, *Booker* has not been made retroactively applicable to cases on collateral review. *See Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005). Therefore, the only option for the starting date of the statute of limitations is the date Movant's conviction became final.

A case is considered final and no longer on direct review when a "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition

for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). An unappealed district court judgment of conviction becomes final ten days after entry of judgment. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Judgment was entered against Movant on August 28, 2003. Movant did not appeal. Movant's case became final on September 12, 2003. The one-year statute of limitations had already lapsed when Movant filed the § 2255 motion on August 27, 2005.[3] If, alternatively, the Court used the date Movant filed the motion seeking specific performance as the date the § 2255 motion was filed, the statute of limitations still lapsed because that motion was filed on November 1, 2005.[4] Movant has not suggested any basis for equitable tolling of the statute of limitations. Additionally, the Court has not discerned any basis for equitable tolling from the record. Therefore, Movant's motion is barred by the statute of limitations.

**B. Sixth Amendment**

Movant argues that this Court improperly enhanced his sentence based on facts that were not admitted by Movant's guilty plea, ostensibly in violation of the requirements set forth in *Booker*. Movant specifically disputes the enhancement based on his possession of a handgun and his leadership role.

---

[3] This motion was filed on August 31, 2005. The August 27, 2005, date is the date the document was signed by Movant.

[4] This motion was filed on November 3, 2005. The November 1, 2005, date is the date the document was signed by Movant.

6

In *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that a Washington state trial judge's enhancement of a defendant's sentence, based on the judge's finding of deliberate cruelty, violated the defendant's Sixth Amendment right to a trial by jury. The decision called into question the constitutionality of both the State of Washington's sentencing guidelines and the federal sentencing guidelines. In *Booker*, the Supreme Court applied the *Blakely* reasoning to the federal sentencing guidelines. The *Booker* Court concluded that the federal sentencing guidelines are subject to the jury trial requirement of the Sixth Amendment. According to *Booker*, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244.

The *Booker* Court directed that its holding be applied to all cases on direct review. 3 U.S. at 268. Movant's case was final on September 12, 2003. *See supra* Part III.A. Thus, Movant's case was no longer on direct review when *Booker* was decided on January 12, 2005, so *Booker* is inapplicable to Movant's claim on that basis.

The Sixth Circuit explicitly has held that the new procedural rules set forth in *Blakely* and *Booker* do not apply retroactively to § 2255 cases on collateral review. *See Humphress*, 398 F.3d at 860-63. In *Humphress*, the district court had enhanced the petitioner's base offense level by nine levels based on factual findings, at least some of which had not been found by the jury. The Sixth Circuit concluded that, although *Booker* and *Blakely* were "new

7

rules" of criminal procedure, they did not meet the criteria set forth by the Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989), for retroactive application to cases on collateral review. Specifically, the *Humphress* court found that the new rules do not forbid punishment of certain primary conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense. *See Humphress*, 398 F.3d at 862. Furthermore, they are not "watershed rules" that implicate the fundamental fairness and accuracy of the criminal proceeding. *See id.* at 862-63. Based on the clear holding in *Humphress*, Movant is not entitled to relief on his motion because *Booker* does not apply retroactively to cases that were final before January 12, 2005. Even if Movant's § 2255 motion had been filed within the one-year statute of limitations, Movant would not be able to assert a Sixth Amendment claim under *Booker*.

### C. Rule 35(b)

Movant seeks to have the Court compel the government to file a motion under Rule 35(b)(1)(A) to reduce Movant's sentence for Movant's "substantial assistance in investigating or prosecuting another person." FED. R. CRIM. P. 35(b)(1)(A). At sentencing the government moved for a sentence reduction pursuant to § 5K1.1 of the federal sentencing guidelines and the Court granted a downward departure of three levels. Movant argues that after his sentencing he continued to provide assistance to the government and that pursuant to his plea agreement the government was obligated to filed a Rule 35(b) motion.

Movant's plea agreement provides:

> The Defendant is fully aware of the legal possibilities for sentence reductions contained in USSG § 5K1.1 and Federal Rule of Criminal Procedure 35(b). The Defendant fully understands that such motions for sentence reductions may be made, pursuant to law, if, and only if, the Defendant fully cooperates with the Government <u>and</u> materially and substantially assists the Government in the investigation and prosecution of others. The Defendant fully understands that the Government makes no promise to file either such motion; but, rather, will evaluate the Defendant's assistance to the Government in the prosecution of others to determine whether or not such a motion should be filed in the Government's opinion. The Government retains complete discretion with regard to it's decision as to whether or not to file any such motion . . . . This paragraph is merely advisory to the Defendant, [*sic*] is not part of any bargain for exchange, and gives the Defendant no legal or contractual rights of any kind to any motion for a sentence reduction.

(Plea Agreement, *United States v. Fockler*, No. 1:03-CR-88, Docket #87, at ¶ 7.) The text of the plea agreement makes clear that the government is not obligated to file a Rule 35 motion. Additionally, "the government has discretion in deciding whether to file a substantial assistance motion." *United States v. Buchanan*, 213 F.3d 302, 314 (6th Cir. 2000). "That decision will not be questioned unless the defendant can make 'a substantial threshold showing of an unconstitutional motive.'" *Id*. (quoting *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir. 1993)); *see also United States v. Gates*, 461 F.3d 703, 711 (6th Cir. 2006) (holding that a prosecutorial misconduct claim based on the government's failure to file § 5K1.1 downward departure motion was reviewable only if there was claim of unconstitutional motivation). Movant has not alleged any unconstitutional motive in this case, nor does it appear that he would have any grounds to support such a claim. Thus, even if Movant's motion seeking specific performance were within the § 2255 statute of limitations, there would not be a basis for granting such motion.

9

## IV.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255.  Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.  For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.  Movant's motion seeking specific performance, which was considered as part of the § 2255 motion, is also denied.  An order consistent with this opinion will be entered.


Date:   February 27, 2007             /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE